## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:19-cr-93 |
| | : | |
| vs. | : | Judge Timothy S. Black |
| | : | |
| TIMOTHY OAKES, | : | |
| | : | |
| Defendant. | : | |

## ORDER DENYING DEFENDANT'S
## MOTION TO MODIFY SENTENCE (Doc. 14)

This criminal case is before the Court on Defendant's motion to modify his sentence (Doc. 14) and the Government's response in opposition (Doc. 16). Also before the Court is Defendant's motion to stay his December 2, 2020 self-surrender date, pending the Court's ruling on the motion to modify the sentence. (Doc. 17).

### I.  BACKGROUND

On September 30, 2019, Defendant Timothy Oakes entered a plea of guilty to a one-count Information charging him with mail fraud, in violation of 18 U.S.C. § 1341. (Doc. 1). His plea was entered pursuant to a Rule 11(c)(1)(B) plea agreement, which plea agreement contained the parties' non-binding sentencing guideline stipulations, and left the sentencing determination in the Court's discretion. (*Id*. at ¶¶ 7, 13).

Defendant's sentencing hearing was held on February 28, 2020, at which time the Court calculated the applicable guideline range, consistent with the parties' stipulations. (Min. Entry, Feb. 28, 2020). The Court determined that a sentence of twelve months and one day imprisonment, followed by a three-year term of supervised release, was

appropriate, and imposed that sentence accordingly. (*Id.*; Doc. 12). The Court agreed to permit Defendant to self-surrender to a BOP facility, and deferred the date of surrender to December 1, 2020. (*Id.*)[1] Defendant was also ordered to pay restitution in the amount of $407,589. (*Id.* at 6).

Defendant now moves to modify his sentence, asking that the Court allow him to serve his term of imprisonment on home incarceration. (Doc. 14). Defendant argues that allowing him to serve his sentence on home incarceration will permit him to continue working and paying restitution, as well as supporting his family. (*Id.*) Defendant further argues that his underlying health conditions create a heightened risk of COVID-19 complications.

## II. STANDARD OF REVIEW

"In the sentencing context, there is simply no such thing as a 'motion to reconsider' an otherwise final sentence." *United States v. Dotz*, 455 F.3d 644, 648 (6th Cir. 2006). Specifically, "[t]he court may not modify a term of imprisonment once it has been imposed," except under the following limited circumstances: (1) upon motion of the Bureau of Prisons if "extraordinary and compelling reasons" warrant a reduction *or* if the inmate, having already served at least thirty-years imprisonment for an offense, has reached an advanced age and no longer poses a risk to society; (2) modifications pursuant to Rule 35 of the Federal Rules of Criminal Procedure, *i.e.*, to correct an error or to

---

[1] Defendant alleges in his motion that his self-surrender date is actually December 2, 2020. (Doc. 14 at 2). Defendant and his counsel have also reiterated that date in telephone calls to the Court and the U.S. Marshals. The Court assumes that the December 2, 2020 date is based on instructions Defendant received from the BOP.

2

reflect subsequent substantial assistance; and (3) sentencing reductions for defendants serving a term of imprisonment imposed based upon a guideline range subsequently lowered by the United States Sentencing Commission. 18 U.S.C. § 3582(c).

### III. ANALYSIS

Under the plain language of 18 U.S.C. § 3582(c), the Court <u>cannot</u> modify its duly imposed sentence. Accordingly, the relief Defendant seeks is unavailable to him and must be denied as a matter of law. However, even absent the statutory restriction, this Court sentenced Defendant to serve a term of imprisonment, based upon a thorough consideration of the 18 U.S.C. § 3553(a) factors. None of Defendant's arguments changes that analysis. Thus, even if modification were appropriate under the law (which it is not), the Court finds no compelling basis here upon which to fundamentally modify the sentence.

That said, the Court acknowledges the particular risks associated with the ongoing COVID-19 pandemic, as well as the heightened risk of spread among prison populations. Notably, Defendant's motion does not ask the Court, as an alternative, to defer his self-surrender date until such time as the COVID-19 risk is reduced. But the Court finds that such an extension of Defendant's self-surrender date is the only appropriate (and, indeed, the only available) remedy.

### IV. CONCLUSION

Accordingly, Defendant's motion to modify his sentence (Doc. 14) is **DENIED** and Defendant's motion to stay his sentence pending the Court's ruling (Doc. 17) is **DENIED AS MOOT**.

However, in light of the overwhelming public interest in preventing the continued spread of COVID-19, and given Defendant's particular vulnerability to complications from the illness, the Court **DEFERS** Defendant's voluntary surrender date *sua sponte*. Defendant **SHALL** voluntarily surrender to the Bureau of Prisons facility of designation by **2:00 p.m. on Monday, April 5, 2021**.

    **IT IS SO ORDERED**.

Date:  12/1/2020

*Timothy S. Black*
Timothy S. Black
United States District Judge