**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:19-cr-93 |
| vs. | : | Judge Timothy S. Black |
| TIMOTHY OAKES, | : | |
| Defendant. | : | |

**ORDER:
(1) DENYING DEFENDANT'S SECOND MOTION
TO MODIFY SENTENCE (Doc. 19); AND
(2) DENYING AS MOOT DEFENDANT'S MOTION
TO STAY SENTENCE (Doc. 20)**

This criminal case is before the Court on Defendant's second motion to modify his sentence (Doc. 19) and Defendant's motion to stay his sentence (Doc. 20).

On September 30, 2019, Defendant Timothy Oakes entered a plea of guilty to a one-count Information, charging him with mail fraud, in violation of 18 U.S.C. § 1341. (Doc. 1). His plea was entered pursuant to a Rule 11(c)(1)(B) plea agreement, which plea agreement contained the parties' non-binding sentencing guideline stipulations, and left the sentencing determination in the Court's discretion. (*Id.* at ¶¶ 7, 13).

Defendant's sentencing hearing was held on February 28, 2020, at which time the Court calculated the guideline range, consistent with the parties' stipulations. (Min. Entry, Feb. 28, 2020). The Court found that a sentence of twelve months and one day imprisonment, followed by three years of supervised release, was appropriate, and imposed the sentence accordingly. (*Id.*; Doc. 12). The Court also allowed Defendant to

self-surrender to a BOP facility, and deferred the date of surrender to December 1, 2020. (*Id.*)  Defendant was also ordered to pay restitution in the amount of $407,589.  (*Id.* at 6).

On September 25, 2020, Defendant filed his first motion to modify his sentence, asking the Court to allow him to serve his term of imprisonment on home incarceration. (Doc. 14).  Defendant argued that allowing him to serve his sentence on home incarceration would permit him to continue working and paying restitution, as well as supporting his family.  (*Id.*)[1]  Defendant further argued that his underlying health conditions create a heightened risk of COVID-19 complications.  (*Id.*)

In a written Order, the Court denied Defendant's first motion to modify his sentence.  (Doc. 18).  As the Court stated, "**[i]n the [federal] sentencing context, there is simply no such thing as a 'motion to reconsider' an otherwise final sentence**." *United States v. Dotz*, 455 F.3d 644, 648 (6th Cir. 2006) (emphasis added).  Thus, "**[t]he court may not modify a term of imprisonment once it has been imposed**," except in very limited circumstances, none of which present in this case.  18 U.S.C. § 3582(c) (emphasis added).[2]  Federal practitioners know this fundamental truth.

---

[1] As to restitution, Defendant states in both his first and second motions to modify his sentence that he is "able to make a $10,000 payment toward restitution … in addition to the payment plan established."  (Doc. 14 at 1; Doc. 19 at 1).  Although it has no bearing on the outcome of Defendant's motions, the Court notes that Defendant is neither making restitution payments on a payment plan, nor has he made the $10,000 payment that he has now twice referenced.

[2] The exceptions include: (1) upon motion of a defendant or the BOP if "extraordinary and compelling reasons" warrant a reduction *or* if the inmate, has served at least thirty-years imprisonment, is of advanced age, and no longer poses a risk to society; (2) modifications to correct an error or to reflect subsequent substantial assistance, pursuant to Fed. R. Crim. P. 35; and (3) to reduce a sentence that was based upon a guideline range subsequently lowered by the United States Sentencing Commission.  18 U.S.C. § 3582(c).

In short, as this Court has already explained, under the plain language of 18 U.S.C. § 3582(c), the Court cannot modify its duly imposed sentence. Accordingly, the relief Defendant seeks is unavailable to him and must be denied as a matter of law.

Despite the Court's prior Order, Defendant has filed a second motion to modify his sentence (Doc. 19), as well as a motion to stay his self-surrender pending the Court's ruling on the second motion to modify the sentence (Doc. 20).[3] Notably, Defendant's second motion to modify his sentence is virtually identical to his first. (*Compare* Doc. 18, *with* Doc. 14). Defendant offers no new evidence or argument in support of his second motion, nor does he even acknowledge the Court's denial of his first motion.

Accordingly, for the reasons previously stated (*see* Doc. 18), Defendant's second motion to modify his sentence (Doc. 19) is **DENIED** and Defendant's motion to stay his sentence pending the Court's ruling (Doc. 20) is **DENIED AS MOOT**.

However, in light of the overwhelming public interest in preventing the continued spread of COVID-19, and given Defendant's particular vulnerability to complications from the illness, the Court **DEFERS** Defendant's voluntary surrender date *sua sponte*. Defendant **SHALL** voluntarily surrender to the Bureau of Prisons facility of designation by **2:00 p.m. on Monday, June 7, 2021**.[4]

---

[3] In his second motion to modify his sentence, Defendant states that he is scheduled to self-surrender to the BOP on April 1, 2021. (Doc. 19 at 2). This date is likely inaccurate, as the Court's prior Order deferred self-surrender until April 5, 2021. (Doc. 18 at 4).

[4] The Court will not grant any additional deferrals *sua sponte*. If Defendant wishes to seek a further deferral of his self-surrender date, he must so move by way of an appropriate motion. Any further motions seeking to modify his sentence will be summarily denied.

**IT IS SO ORDERED**.

Date: 4/2/2021

*Timothy S. Black*
Timothy S. Black
United States District Judge